IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEVINE LOVE**                                                                       **PLAINTIFF**

v.                                                       **Civil No. 3:21-cv-00001-DCB-JCG**

**USPS**                                                                      **DEFENDANT**

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION FOR IFP STATUS BE DENIED AND THIS CASE DISMISSED AS DUPLICATIVE OF A PENDING ACTION**

BEFORE THE COURT is the Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2), filed by *pro se* Plaintiff Devine Love. Having reviewed and screened Plaintiff's Application and the Complaint under 28 U.S.C. § 1915(e)(2), the undersigned recommends Plaintiff's Application be denied and this case dismissed as duplicative of pending action, *Love v. USPS,* 3:20-cv-00786-DCB-JCG (S.D. Miss. filed Dec. 2020). Both suits arise out of Plaintiff's employment with the United States Postal Service ("USPS"), and in both suits, Plaintiff alleges USPS wrongfully denied "OWCP."

BACKGROUND

This is one of five cases filed by Plaintiff against USPS arising from her employment as a Postal Support Employee at USPS's Processing and Distribution Center in Jackson, Mississippi. The first two actions were filed on April 7, 2020, the second two in December 2020, and the fifth on January 4, 2021.

A. **First and second actions**

In 3:20-cv-00245-DCB-JCG, Plaintiff used a form complaint for pro se litigants

alleging civil claims. The complaint's statement of claim provided, "retaliation due to a prior EEO case against James Tate (sexual harassment). Plaintiff filed an amended complaint on a form complaint for pro se litigants alleging employment discrimination. The amended complaint asserted Plaintiff was suing under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, for retaliation that occurred on June 24-25, 2015, and discrimination based on race and sex.

In 3:20-cv-00246-DCB-JCG, Plaintiff used a form complaint for pro se litigants alleging civil claims. The complaint's statement of claim provided, "sexual harassment – he put his private area on my butt at work." Upon Plaintiff's motion, 3:20-cv-00245-DCB-JCG and 3:20-cv-00246-DCB-JCG were consolidated on May 14, 2020, the Court finding the cases appeared to involve common questions of law and fact. Plaintiff was ordered to file a standalone amended complaint in the consolidated action by March 12, 2021. She has not complied. A Report and Recommendation to dismiss the consolidated action due to Plaintiff's failure to prosecute and obey a Court Order is pending.

### B. Third, fourth, and fifth actions

In the third-filed action, 3:20-cv-00786-DCB-JCG, Plaintiff used a form complaint for pro se litigants alleging civil claims. The Complaint's statement of claim provided, "I was denied OWCP and had to pay out of pocket." A summons was issued. USPS has been served. USPS's responsive pleading is not yet due.

In 3:20-cv-00807-DCB-JCG and 3:21-cv-00001-DCB-JCG, Plaintiff used a form

complaint for pro se litigants alleging civil claims. The statement of claim in 3:20-cv-00807-DCB-JCG provides: "I was struck on duty and denied OWCP; I was forced to use my husband's health insurance to take care of my medical." In 3:21-cv-00001-DCB-JCG, the statement of claim provides: "I was refused OWCP/ COP/ and light duty to return to light duty."

## ANALYSIS

Access to the federal courts as a pauper is not an absolute right, and the court has "wide discretion" to deny in forma pauperis status to a plaintiff so long as it does not do so "arbitrarily" or upon "erroneous grounds." *Hogan v. Midland County Comm'rs Ct.*, 680 F.2d 1101, 1103 (5th Cir. 1982) (citation omitted); *see also Holmes v. Hardy*, 852 F.2d 151 (5th Cir. 1988). The right to proceed in forma pauperis is a privilege that is subject to suspension or denial if abused. *Farguson v. Mbank Hous, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (stating a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."); *Newby v. Enron Group*, 302 F.3d 295, 302 (5th Cir. 2002) ("federal courts have the inherent power to impose sanctions against vexatious litigants").

Assuming a plaintiff does meet the financial prerequisites to proceed in forma pauperis, the plaintiff must also establish that he or she has not raised a frivolous or malicious claim. The applicable standard is found in 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (citing *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989)). "[A] claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).

Assuming Plaintiff does meet the financial prerequisites to proceed in forma pauperis, the instant Complaint asserts claims arising from the same series of events and allegations as an earlier filed suit. Here, Plaintiff alleges, "I was refused OWCP/ COP/ and light duty to return to light duty." In an earlier-filed pending suit, 3:20-cv-00786-DCB-JCG, Plaintiff alleged she "was denied OWCP and had to pay out of pocket." "[W]hen a successive in forma pauperis suit is duplicative, the court should insure that the plaintiff obtains 'one bite at the litigation apple—but not more.'"

*Chambers v. Stalder*, 999 F.2d 1580 (5th Cir.1993) (quoting *Pittman*, 980 F.2d at 995). This duplicative suit should be dismissed without prejudice to Plaintiff's prosecution of *Love v. USPS*, 3:20-cv-00786-DCB-JCG (S.D. Miss. filed Dec. 8, 2020).

NOTICE OF RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he or she objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he or she did not object.

SIGNED, this the 23rd day of June, 2021.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE